## N. Y. SUPERIOR COURT.

### ANN HODNETT, respondent, agt. MACPHERSON SMITH et al appellants.

'The change in the law, which allows parties to be witnesses, has not changed the rule that the execution of an instrument under seal must be proven by the subscribing witness

Consequently, where the attendance of the subscribing witness cannot be had, proof of due diligence, such as would govern a prudent man in a sincere search for the witness, is still necssary.

If such proof be satisfactory, the signature of the witness may be proven; and when it appears that this cannot be done, and not before, proof may be given of the handwriting of the party who executed the instrument.

*General Term, March,* 1870.

*Before* MONELL, McCUNN, *and* FREEDMAN, *J.J.*

APPEAL from a judgment entered in favor of the plaintiff upon the verdict of a jury and from an order made at special term, denying defendant's motion for a new trial upon a case. The complaint alleged a conversion by defendants of plantiff's property, consisting of the contents of a liquor store. The defendants, by their answer, justified, under executions issued against John Hodnett, plaintiff's husband, and claimed that the property levied upon and taken was, at the time of such levy, the property of said John Hodnett, or that said John Hodnett had an interest therein liable to levy and sale under execution. The main point involved in the case, as the court charged, was, whether the various transactions were a mere device by which the wife should be put forward. as being the ostensible, whereas, in fact, the husband still remained the real owner, or whether it was a *bona fide* transaction, whereby the title to this property became vested in the wife absolutely, as her own property. To substantiate her claim plaintiff offerred in evidence a bill of sale of said property, executed by William Dooling to her under seal, and which, purported to have been sealed and delivered in the presence of one J. C. Wadsworth as subscribing witness. The evidence

Hodnett agt. Smith.

showed said Wadsworth to be an attorney-at-law, who, at said time, had his office in Duane street, in the city of New York. William Dooling proved his own signature, and testified that he did not know where J. C. Wadsworth was. Counsel for plaintiff then called as witness Florence Leary, who, upon this point, testified as follows: "I know Mr. Wadsworth. I believe he is out in Omaha. He is subscribing witness to the bill of sale." *By the court :* Q. How do you know he is in Omaha? A. I heard he had left and went there. Q. Who did you hear it from. A. A bookseller he used to deal with told me, I heard it from a friend of his, Mr. Benedict, in his office, who told me he had gone out there. Counsel for the defendants objected on the grounds that the paper was not proved—that the subscribing witness should prove it—that his absence was not excused. The court overruled the objection and admitted the bill of sale, to which ruling defendant's counsel duly excepted.

N. A. CHEDSEY *and* A. J. VANDERPOEL, *for appellants.*
C. A. HENRIQUES, *for respondent.*

*By the court,* FREEDMAN, J.—The bill of sale was an important piece of evidence, and well calculated to exercise a strong influence over the jury. If no sufficient foundation was laid for its introduction, an error was committed by receiving it in evidence. Being an instrument under seal, there was no question that plaintiff was bound to prove its execution by the subscribing witness, or to show by competent evidence that he could not be produced, or was incapable of being examined (*Hollenback* agt. *Fleming*, 6 *Hill*, 303, *and authorities therein cited*), unless the change in the law, which allows parties to be witnesses, has altered the rule or afforded a reason for dispensing with it. That such is not the case has been distinctly held by the supreme court and the court of common pleas (*Jones* agt. *Underwood*, 28 *Barb.*, 481; *Story* agt. *Lovett*, 1 *E. D. Smith*, 152; *see also*

*King* agt. *Smith*, 21 *Barb.*, 158). I can see no reason why this court should hold otherwise. Proof of due diligence, such as would govern a prudent man in a sincere search for the missing witness is, therefore still necessary to let in secondary proof *(Van Dyne* agt. *Thayre*, 19 *Wend.*, 162). Where the failure to produce the subscribing witness has been satisfactorily accounted for, the genuineness of the signature of such witness may be proven; and when it appears that this cannot be done, and not before, proof may be given of the handwriting of the party who executed the instrument *(Willson* agt. *Betts*, 4 *Den.*, 201; *McPherson* agt. *Rathbone*, 11 *Wend.*, 96). In the present case, no objection was made upon the ground of the absence of proof as to the genuineness of the signature of the subscribing witness, and consequently it cannot be raised on appeal for the first time. But the objection that the absence of the witness had not been accounted for, was distinctly taken. Upon examination of the case I am unable to find any evidence tending to show that plaintiff used due diligence, or any diligence whatever, to procure the attendance of the subscribing witness. In fact, there is no evidence that plaintiff made or caused to be made, any effort in this direction. It does not appear that Leary was authorized or requested to look for such witness. He simply swears that he believes the witness went to Omaha, because a bookseller and a friend of the witness had told him so, but does not show that these persons knew or were in position or likely to know the fact. Nor does he specify the time of the receipt of this information. No circumstance is stated from which either the fact or the time of the departure of the witness could be reasonably deduced. For all that appears the witness might have gone and returned at least one year before the trial. This is clearly insufficient. The judgment and order appealed from should be reversed and a new trial ordered, with costs to appellants to abide the event.

MONELL and McCUNN, JJ., concurred.